IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUAN RAFAEL ROSARIO, #2160948 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv033 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Juan Rafael Rosario, an inmate confined in the Texas prison system, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

Before the Court is Petitioner's Motion For Default Judgment (Dkt. #11). The Court construes Petitioner's motion as a motion for entry of default. Petitioner also submitted a Request for Entry of Clerk's Default (Dkt. #12). Petitioner argues that he is entitled to an entry of default because an answer was not filed by the deadline of April 7, 2023. The Court notes, however, that the Director timely filed a motion for extension of time to file his response (Dkt. #9) on March 30, 2023.

A default judgment is not a proper remedy when a state fails to timely respond to a petition for a writ of habeas corpus. *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974)); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir.), *cert. denied*, 452 U.S. 920 (1981); *see also Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278 (5th Cir. 1993) (unpublished table decision). A default judgment is inappropriate even when a state inexcusably disregards a district court's orders to respond to a petition. *Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir. 1984), *cert. denied*, 469 U.S. 874 (1984). To hold otherwise would improperly

place the burden of default on the community at large. *United States ex rel. Mattox*, 507 F.2d at 924.

In the present case, an answer was due on April 7, 2023. The Director timely filed a motion for extension of time on March 30, 2023 (Dkt. #9). *See* FED. R. CIV. P. 6(b)(1)(A). The Court granted the motion for extension of time for good cause. The present motions (Dkt. ##11, 12) lack merit and should be denied.

### Recommendation

It is accordingly recommended that Petitioner's Motion for Default Judgment (Dkt. #11), construed as a motion for entry of default, be denied. It is further recommended that Petitioner's motion for entry of Clerk's Default (Dkt. #12) be denied as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of April, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

2