IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUAN RAFAEL ROSARIO, #2160948 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv033 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Juan Rafael Rosario, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed an application for the writ of habeas corpus under 28 U.S.C. § 2254 complaining of the legality of his conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 7, 2023, Petitioner filed a Motion for Preliminary Injunction (Dkt. #25) and a copy of his medical footwear pass (Dkt. #25-1). He asserts that prison officials are denying him medical care contrary to his doctor's instructions. He seeks a preliminary injunction to: (1) ensure that he receives necessary medical care for his diabetes insulin treatment, (2) possess and wear the medical shoes prescribed by his doctor, (3) prevent prison officials from forcing him to climb to two sets of stairs in violation of his medical restrictions, (4) stop retaliatory disciplinary action strictly enforcing rules and policies as a form of harassment, and (5) prevent the issuance of falsified disciplinary cases against him.

The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. *Pierre v. U.S.*, 525 F.2d 933

(5th Cir. 1976). Specifically, the Court stated that habeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of the legality of custody. *Pierre*, 525 F.2d at 936. Hence, where the petitioner seeks injunctive relief which is unrelated to the issue of legality of custody, the district court lacks the power to entertain the application. *Pierre*, 525 F.2d at 926; *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (holding that the petitioner "cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention.")

In this case, Petitioner is seeking injunctive relief which is plainly unrelated to the cause of his detention, or the legitimacy thereof. He cannot use the instant habeas corpus petition as a springboard to seek injunctive relief unrelated to his detention. Petitioner may wish to file a separate civil rights action presenting his medical and retaliation claims; however, his current petition for habeas corpus relief is not the proper vehicle to adjudicate civil rights claims. *See Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997) (holding a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures).

An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. *Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990) (holding claims of overcrowding, denial of medical treatment and access to an adequate law library are not proper subject for a habeas corpus petition). For these reasons, Petitioner's request for a preliminary injunction (Dkt. #25) should be denied.

Recommendation

It is accordingly recommended that Petitioner's request for a preliminary injunction (Dkt. #25) be denied. The motion should be denied without prejudice to the Petitioner's right to file a separate civil action raising these claims.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 30th day of November, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE